Mackie *v.* Mackie.

Simon F. Mackie and others

*v.*

George B. Mackie and others.

Relief granted against a decree of this court confirming a commissioner's report in partition, on the ground of mistake or misunderstanding as to the effect of a proposition for exchanging the shares allotted to the parties, in consideration of which all opposition to confirming such report was withdrawn.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. J. F. Randolph,* for complainants.

*Mr. John Linn,* for defendants.

The Chancellor.

The bill is filed for relief against a decree of this court confirming a partition of land in Hudson county, and the ground of relief is, that the opposition to making the decree, which opposition had been begun by a petition to this court presented in behalf of the guardian *ad litem* of two of the complainants in this suit, who were infants, was withdrawn under an agreement between the guardian and Simon F. Mackie of the one part, and two of the defendants herein of the other part, by which an exchange of parcels allotted to the latter for parcels allotted to the former in the partition was provided for, which obviated the objections made by the former to the partition.   This agreement was contained in a letter.   There can be no question that it was accepted in behalf of the complainants in this suit, and in view of it, and only in view of it, the opposition to the confirmation was withdrawn.   The concluding statement of the letter is as follows :

" The conditions on which we propose these exchanges, and on which we will hand you a written agreement or undertaking to make them,

are : That all objections to the commissioners' report be withdrawn, and that Simon F. Mackie, Schuyler L. and Euphemia E. W., and Robert J. D. Mackie through his guardian, William Man, Esq., move and press for the confirmation of the commissioners' report, not only literally, but also in the spirit and with the intentions of the said commissioners (Brown, Jennins and McSherry), in making the said shares and divisions."

It is not surprising that the parties to whom the letter was addressed should have regarded the words, " not only literally, but also in the spirit and with the intentions of the commissioners," in the connection in which they were used, as mere verbiage, and attributed no significance to them. It appears, however, that they were intended to express an important condition. The parties, therefore, did not fully understand each other. Each is now willing to carry out the agreement as he understood it, but neither party is willing to carry it out as the other understood it.

The relief prayed for should be granted, but without costs.